IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, § | | |
| Dallas Cnty. Jail #25004035, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | No. 3:25-cv-2887-K-BN |
| § | | |
| FNU LNU, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shedrick Thornton, currently an inmate at the Dallas County jail, submitted a *pro se* filing in a closed action in this district that appeared to allege new claims and sought leave to proceed *in forma pauperis* ("IFP") under the imminent-danger exception of 28 U.S.C. § 1915(g). *See* Dkt. Nos. 3, 5. The new filing was severed from the closed action, and this new case was opened. *See* Dkt. No. 5.

United States District Judge Ed Kinkeade referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Thornton's motion for leave to proceed IFP is deficient. *See* Dkt. No. 3. But prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

As Thornton acknowledges, he is subject to this three-strikes bar, as he has had more than three lawsuits and appeals dismissed as frivolous in federal court. *See*

*Thornton v. Clinton*, No. 24-10585, 2024 WL 4708921, at *1 (5th Cir. Nov. 7, 2024) (per curiam) ("As he now has more than three strikes, Thornton is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (citing 28 U.S.C. § 1915(g)).

Thornton asserts that he is in imminent danger of serious physical injury because he has had to be separated from the general population at the Dallas County jail due to an accusation that he is a serial stalker. *See* Dkt. No. 3 at 2.

But Thornton misunderstands the imminent danger requirement. To meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are

not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

Thornton's allegations of imminent danger relate to potential future injury by other inmates that is being addressed by the jail keeping him separate from general population. And it is not clear what claims Thornton seeks to bring or how they relate to his claim of imminent danger. So there is no nexus between the allegations of imminent danger and the claims alleged.

Because Thornton has not sufficiently alleged that he is entitled to an exception to the three strikes bar, his construed complaint should be dismissed without prejudice unless he pays the filing fee.

### Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Shedrick Thornton pays the full filing fee of $405.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE